**Edward RICE, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of the Social Security Administration, Defendant.**

No. 97 C 4127.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 2, 1998.

Marcie E. Goldbloom, Frederick J. Daley, Frederick J. Daley, Ltd., Chicago, IL, for plaintiff.

Jack Donatelli, U.S. Attys. Office, Chicago, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

Plaintiff Edward Rice filed suit seeking review of a final decision issued by the Commissioner of the Social Security Administration (the "Commissioner"), pursuant to 42 U.S.C. § 405(g). Plaintiff moved for summary judgment or alternatively, for remand, to the Commissioner for further administrative proceedings. This court denied Plaintiff's motion for summary judgment, but granted Plaintiff's request for remand. Plaintiff now petitions this court to recover attorney's fees pursuant to the Equal Access to Justice Act. 28 U.S.C. § 2412(d)(1)(A). For the reasons set forth below, this court grants Plaintiff's motion for attorney's fees in the amount of $7,855.00.

### BACKGROUND

In 1994, Plaintiff protectively filed for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff's applications, and timely request for reconsideration, were denied by the Commissioner. (R. 23, 119–26, 128–30, 193, 194.) Upon Plaintiff's timely request (R. 131), a hearing was held—wherein Plaintiff was represented by an attorney—before an Administrative Law Judge (the "ALJ") on September 29, 1995. (R. 46–97.)

On February 23, 1996, the ALJ entered her decision. (R. 19–30.) The ALJ found that Plaintiff met the disability insured status requirements from December 30, 1989 until March 31, 1993. (R. 28.) Prior to March 31, 1993, the ALJ found that Plaintiff was not disabled. (R. 29.) The ALJ found that, during that time, Plaintiff was not precluded from performing his past relevant work as a medical technician. (R. 29.)

The ALJ further found that, beginning November 8, 1993, Plaintiff had a disability in that Plaintiff's asthma met the requirements of § 3.03B of the Listing of Impairments in Appendix I, Subpart P of the regulations. (R. 29.) The ALJ found that, as of December 7, 1994, the medical evidence established that Plaintiff's medical condition had improved and that Plaintiff had the residual functional capacity to perform the physical exertion requirements of medium work that did not involve exposure to significant amounts of pulmonary irritants. (R. 29.) The ALJ stated that Plaintiff could, as

of December 7, 1994, perform his past relevant work as a medical technician. (R. 29.)[1]

On April 9, 1997, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (R. 4.) Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff, then, initiated civil action for judicial review of the Commissioner's final decision.

On May 21, 1998, this court granted Plaintiff's motion for remand holding, essentially, that (1) the ALJ failed to comply with the requirements of SSR 83–20 (including not seeking the services of a medical advisor to assist in making the inferred onset-of-disability date determination) and (2) the Appeals Council committed legal error in failing to consider Dr. Hosan's medical report where this new evidence was clearly material and clearly related to the period on or before the date of the ALJ's hearing decision.

### LEGAL STANDARD

Plaintiff seeks recovery of reasonable attorney's fees under the Equal Access to Justice Act (the "EAJA"). 28 U.S.C. § 2412(d)(1)(A). The EAJA states:

> a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

■ A court may award attorney's fees under § 2412(d)(1)(A) of the EAJA if: (1) the claimant is a "prevailing party," (2) the Government's position was not "substantially justified," (3) no "special circumstances make an award unjust," and (4) the fee application is timely filed (pursuant to 28 U.S.C. § 2412(d)(1)(B)), within 30 days of final judgement in the action and supported by an itemized statement. *Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Here, the government argues that: (1) its position was substantially justified, and if not, (2) the attorney's fees requested are unreasonable.[2]

### I. SUBSTANTIAL JUSTIFICATION

■ Under the EAJA, a court may award attorney's fees to a party who prevails against the United States where "the court finds that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). Substantial justification means " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The government's position is substantially justified "if it has a reasonable basis in law and fact," that is, if a reasonable person could believe the position was correct. *Id.* 487 U.S. at 566 n. 2. Stated another way, the test for substantial justification is "whether the agency had a rational ground for thinking it had a rational ground for its action." *Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir.1994). The government bears the burden of proving its position was substantially justified. *Cummings v. Sullivan,* 950 F.2d 492, 495 (7th Cir.1991). The government's position "may encompass both the agency's prelitigation conduct and the Department['s] ... subsequent litigation positions..." *Jean,* 496 U.S. at 159, 110 S.Ct. 2316. While a court will consider the government's conduct at various stages of the proceeding, only one threshold determination regarding substantial justification need be made for the entire civil action. *Id.*

---

1. The effect of the ALJ's decision was that: (1) Plaintiff was not entitled to DIB or Medicare coverage because the ALJ found Plaintiff to be disabled seven months after his insured status expired; and (2) Plaintiff was eligible for eleven months of SSI benefits from November 8, 1993 to December 7, 1994 (when the ALJ determined that Plaintiff's disability ceased).

2. The government does not dispute that Plaintiff's fee application was timely filed. The government also does not dispute Plaintiff's status as a prevailing party or argue that any special circumstances make an award unjust.

As stated, in this court's May 21, 1998 opinion, the court granted Plaintiff's motion for remand for the following reasons. First, the court held that the ALJ failed to follow the guidelines of SSR 83–20 (including not seeking the services of a medical advisor to assist in determining the inferred onset date of the claimant's disability). Second, the court found that the Appeals Council committed legal error in failing to consider Dr. Hosan's medical report because the new evidence was clearly material and clearly related to the period on or before the date of the ALJ's hearing decision. 20 C.F.R. § 416.1470(b). As explained below, this court finds that the government's position was not substantially justified.

This court initially finds that the government's position was not substantially justified because, as stated, the ALJ failed to comply with the requirements of SSR 83–20. It has been expressly held that: "[w]here an ALJ does not comply with the clear requirements of SSR 83–20 and the Commissioner opposes reversal and remand, the Commissioner's position is not substantially justified." *Williams v. Chater,* No. 96 C 1833, 1996 WL 650620 at *2 (N.D.Ill. Nov.7, 1996). See also *Smolik v. Department of Health and Human Services,* No 91 C 3365, 1995 WL 806827 at *2 (N.D.Ill. Feb.13, 1996); *Rodgers v. Sullivan,* No. 87 C 1014, 1992 WL 309536 at *3 (N.D.Ill. Oct.21, 1992); *Butts v. Bowen,* 775 F.Supp. 1167, 1172 (N.D.Ill.1991); *Hall v. Callahan,* 1998 WL 142403 *1 (N.D.Ill. Mar.24, 1998). SSR 83–20 states *inter alia* that the ALJ should seek the services of a medical advisor where, as here, the claimant's onset date of disability must be inferred. The ALJ found herein that Plaintiff was first disabled as of November 8, 1993, without reference or citation to SSR 83–20 (R. 26) and without calling on the services of a medical advisor. This court found that although the ALJ correctly noted that Plaintiff was first formally diagnosed with asthma on November 8, 1993, there was other evidence in the record, recited in this court's earlier opinion, which could at least potentially infer that an earlier date than November 8, 1993 was the correct disability onset date. Because the ALJ did not follow the mandate(s) of SSR 83–20 in determining the inferred onset date of the claimant's disability, the government's position is not substantially justified.

Moreover, this court finds that the government's position regarding whether the Appeals Council committed legal error in failing to consider the new material evidence was not substantially justified. The regulations require the Appeals Council to review new evidence if the evidence is "material" and "relates to the period on or before the date of the administrative law judge hearing decisions." 20 C.F.R. § 416.1470(b). Here, the Appeals Council committed legal error by failing to consider Dr. Hosan's report which was material evidence that created a "reasonable probability" that the ALJ would have reached a different conclusion.

In this regard, the ALJ's decision was rendered February 23, 1996 and held that Plaintiff's disability ceased December 7, 1994. The new evidence, the report of Plaintiff's treating physician (Dr. Hosan), states, however, that Plaintiff's relevant symptoms, rather than medically improving, were "steadily progressing" from October 6, 1994 to the date of his report, January 27, 1997. Courts have held in similar situations that where the Appeals Council does not consider subsequent information which is material to the issue of whether the claimant was disabled on or before the ALJ's hearing decision, the government's position is not substantially justified. *See, e.g., Aguirre v. Shalala,* No. 92 C 3673, 1993 WL 390204 at *3 (N.D.Ill. Oct.1, 1993).

## II.  *REASONABLENESS OF FEES*

In view of the foregoing, the remaining issue before the court is the proper fee award. Under the EAJA:

> attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii).

Plaintiff requests attorney's fees totaling $8,250.68. This figure is based on 62.84 hours of work by Plaintiff's attorney, multi-

plied by an hourly rate of $130.00 (30.25 hours × $130.00 = $3,932.50) and $132.50 (32.59 hours × $132.50= $4,318.18) for work completed in 1997, and 1998, respectively. The hourly rate is calculated using a base hourly rate of $125.00 and an adjustment for cost of living increases in the Chicago area of 4% and 6% respectively for the years 1997 and 1998.

■ The government alleges that the time expended by Plaintiff's attorney to litigate this matter was excessive. In particular, the government points to the 37.25 hours it took Plaintiff's attorney to prepare the briefs in this case.

This court finds that the number of hours Plaintiff's attorney expended in this case were reasonable and consistent with this type of social security case. *See, e.g., Poslednik v. Sullivan,* 718 F.Supp. 1097, 1099 (S.D.N.Y. 1989). Applicant has submitted detailed billing records accounting for her legal time on this case. Her fees represent 62.84 hours of work completed over the course of 16 months. Upon review, given the experience of Plaintiff's attorney and the work involved, the court finds that attorney hours expended are reasonable and not excessive.[3]

### CONCLUSION

Accordingly, Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act is granted. The applicant is awarded attorney's fees in the amount of $7,855.00 ($125.00 × 62.84).

**3.** The court also determines that, applying the statutory standard, the attorney's fees awarded shall not exceed the $125.00 base statutory rate.