Denise J. CASTREJON, Plaintiff,

v.

Kenneth S. APFEL, Commissioner, Social Security Administration, Defendant.

No. CIV. A. 99–C–1433.

United States District Court, E.D. Wisconsin.

Feb. 2, 2001.

**1054**

**ORDER DATED _____ ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION, REVERSING DEFENDANT'S DECISION, AND REMANDING ACTION TO DEFENDANT FOR FURTHER PROCEEDINGS.**

REYNOLDS, District Judge.

Plaintiff Denise J. Castrejon ("Castrejon") brings this action for review of the defendant Commissioner of the Social Security Administration's ("Commissioner") decision denying her claim for supplemental security income. The action was assigned to Magistrate Judge Aaron E. Goodstein for pretrial proceedings; the parties have not consented to the magistrate judge's jurisdiction.

On January 8, 2001, the magistrate judge entered a recommendation to this court that this action to remanded to the Commissioner. Specifically, the magistrate judge concluded that Castrejon's waiver of her right to counsel at the administrative hearing was defective; the administrative law judge did not sufficiently articulate her reasons in several respects; and the administrative law judge should have considered SSR 00–3p, which addresses the evaluation of obesity in disability claims. Neither party has objected to the recommendation. This court agrees with the recommendation and will adopt it in full.

**CONCLUSION**

Magistrate Judge Aaron E. Goodstein's January 8, 2001 recommendation is **ADOPTED.**

Plaintiff Denise J. Castrejon's request to reverse and remand is **GRANTED.**

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of defendant Commissioner, Social Security Administration, which denied plaintiff Denise J. Castrejon's claim for supplemental security income, is **REVERSED,** and this action is **REMANDED** to defendant Commissioner, Social Security Administration, for further proceedings consistent with this order and the January 8, 2001 recommendation of Magistrate Judge Aaron E. Goodstein.

The deputy clerk is instructed to enter judgment accordingly.

**SO ORDERED.**

### *RECOMMENDATION TO THE HONORABLE JOHN W. REYNOLDS*

GOODSTEIN, United States Magistrate Judge.

Denise J. Castrejon appeals the Commissioner of Social Security's decision denying her application for supplemental security income. The case was randomly assigned to Judge John W. Reynolds and thereafter referred to this court for all pretrial processing. Since the parties have not consented to the exercise of full jurisdiction by a magistrate judge, the role of this court is limited to making a recommendation regarding the final disposition of the plaintiff's appeal. *See* 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(b).

On June 27, 1997, the plaintiff applied for supplemental security income ("SSI") alleging disability due to asthma and chronic obstructive pulmonary disease, vision problems, headaches, and Morton's neuroma. The alleged onset date is October 29, 1990. The plaintiff, proceeding pro se, pursued her claim through the hearing level. Administrative Law Judge ("ALJ")

Marsha R. Stroup conducted a hearing September 16, 1998, and rendered her decision October 27, 1998, unfavorable to the plaintiff. The plaintiff and vocational expert ("VE") John Schroeder testified at the hearing. After filing a request for a review with the Appeals Council, the plaintiff retained counsel, attorney David Traver. Traver then filed his position paper in support of the claimant's appeal. The Appeals Council denied the claimant's request to review the decision of ALJ Stroup, whereupon it became the final decision of the Commissioner that the plaintiff was not entitled to benefits. The plaintiff then filed this action seeking judicial review of the Commissioner's decision.

■■■ Disability cases are decided by reviewing the final decision of the Commissioner to ensure that it is supported by substantial evidence. *Key v. Sullivan,* 925 F.2d 1056, 1061 (7th Cir.1991). The court does not determine if the claimant is disabled or reweigh the evidence; rather, when evaluating whether substantial evidence exists to support the Commissioner's decision, the court considers the relevant evidence that a reasonable person might accept as adequate to support a conclusion, taking into account anything in the record that fairly detracts from its weight. *Young v. Secretary of Health and Human Services,* 957 F.2d 386, 388 (7th Cir.1992). Substantial evidence may be something less than the greater weight or preponderance of the evidence. *Id.* However, the reasons ·for rejecting particular evidence, if uncontradicted, must be clearly articulated. *Id; Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir.1987). Even if substantial evidence supports the Commissioner's findings, this court may reverse if the ALJ committed an error of law. *Pugh v. Bowen,* 870 F.2d 1271, 1274 (7th Cir. 1989).

The ALJ applied the standard five-step inquiry. ALJ Stroup proceeded through all five steps of the analysis. At step two, the ALJ concluded that the plaintiff suffers from severe chronic obstructive pulmonary disease and asthma, chronic heel pain, obesity, mild degenerative disease in the lumbar spine and headaches, thus meeting the threshold severity requirement. (Tr. 16). At step three, the ALJ concluded that the plaintiff's impairments, alone or in combination, do not meet or equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4 (the "Listings"). (Tr. 16). At step four, the ALJ determined that Castrejon has the residual functional capacity ("RFC") to perform sedentary work which permits a sit/stand option with the nonexertional limitation of a clean environment with no temperature extremes. (Tr. 16). The ALJ determined that Castrejon could not perform her past physical work, and at step five, relying on the testimony of VE Schroeder and using Rule 201.24, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 as a guide, the ALJ determined that the plaintiff could perform cashiering, assembly, and visual inspection jobs. (Tr. 13). As such, the ALJ determined that the plaintiff was "not disabled" for the purposes of receiving supplemental security income.

As a threshold matter, the plaintiff argues that she was prejudiced by lack of counsel at the administrative hearing. The plaintiff argues that she was prejudiced because: (1)she was not given the opportunity to ask the VE any questions; (2) the transcript is very short; (3) the ALJ's hypotheticals to the VE did not contain the mental and other limitations found by treating sources; (4) the ALJ did not address the plaintiff's absenteeism; and (5) the ALJ failed to follow up on the plaintiff's complaints of stress.

Castrejon seeks an award of benefits. Alternatively, she seeks a remand pursuant to sentence four of 42 U.S.C. § 405(g) that includes a new hearing and proper development of the administrative record. The Commissioner responds that the ALJ fully and fairly developed the record, and that substantial evidence supports the ALJ's decision.

 If properly informed of the right to counsel, a claimant may waive it. *See Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir.1991). "To ensure a valid waiver of counsel, we require the ALJ to explain to the pro se claimant (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir.1994).

 This issue has been addressed on numerous occasions by this court. Notwithstanding the clear directive of the Seventh Circuit, the administrative agency in this district apparently still fails to properly apply the law in regard to obtaining a waiver of counsel. A review of the record in this case is illustrative of what has occurred in other cases; the claimant is simply not fully informed of the right to counsel. As a result, the claimant's waiver is defective.

Here, the colloquy between the ALJ and the plaintiff was insufficient under *Binion*. Specifically, the ALJ failed to inform the plaintiff of the possibility of free counsel or a contingency arrangement and the cap on attorney fees. (Tr. 299). In addition, the waiver form is clearly inadequate because it does not mention the contingency percentage. (Tr. 39). As a result of the inadequate waiver, the burden shifts to the Commissioner to show that the ALJ fully and fairly developed the record. *Binion* at 245.

Aside from the prejudice resulting from the inadequate waiver, Castrejon argues that there are other errors. She argues that: (1) she meets the Listing for obesity, 9.09; (2) the ALJ gave improper weight to the opinion of the treating physician; (3) the ALJ failed to make a credibility determination; (4) the ALJ did not follow the narrative reporting requirements of SSR No. 96–7p regarding the evaluation of pain and other symptoms; and (5) the Commissioner failed to meet his burden of proof at step five.

In response, the Commissioner contends that remand for consideration of obesity at step three is not warranted for several reasons. The Commissioner submits that the obesity Listing 9.09 has been deleted. 64 Fed.Reg. 46122. He argues, that the SSA intends "that all adjudications after October 25, 1999, be made in accordance with the revised Listings." The Commissioner argues that his interpretation is entitled to deference, and that the court should not examine the ALJ's decision against that subsequently deleted Listing. The Commissioner further argues that substantial evidence supports the weight given to the opinions of the treating physician by the ALJ, as well as the ALJ's consideration of the plaintiff's testimony and the ALJ's vocational finding.

In addressing Listing 9.09, the plaintiff contends that a proper evaluation under 9.09 results in the determination that the plaintiff is disabled. The plaintiff also refers to 64 Fed.Reg. 46122 (1993), but for the proposition that the Commissioner has indicated that he will still consider obesity despite its deletion from the Listings. The plaintiff submits that the Commissioner has admitted that the rule deleting 9.09 "has only a prospective effect." The answer to this question of whether or not Listing 9.09 applies on remand is found at SSR 00 3p, 2000 WL 628049 at *7, which states,

> The final rules that deleted the listing became effective on October 25, 1999. The final rules deleting listing 9.09 apply to claims that were filed before October 25, 1999, and that were awaiting an initial determination or that were pending appeal at any level of the administrative review process or that had been appealed to court.

On October 25, 1999, the status of this matter was awaiting a decision from the Appeals Council, which was issued on November 9, 1999. If this matter is remanded, obesity should be considered pursuant

to the guidance provided by SSR 00–3p which discusses the effects of obesity in the disability calculus. For example, "[t]he provisions also remind adjudicators that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Id.* at *1. Furthermore, "[i]f an individual has the medically determinable impairment obesity that is 'severe' as described in question 6, we may find that the obesity medically equals a listing." *Id.* at *4. Question 6 provides in relevant part that "we will find that obesity is a 'severe' impairment when alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." *Id.*

■ This court will recommend that the matter be remanded for further proceedings. This is because the court is unable to conduct a meaningful review based upon the present state of the record. As a preface to her findings, the ALJ said, "after careful consideration of the record, . . ." The decision issued by the ALJ belies this statement. In *Rohan v. Chater,* 98 F.3d 966 (7th Cir.1996), the Seventh Circuit remanded the case to the SSA because it was unable to discern how the ALJ reached her determination. The present decision does little to shed light on the ALJ's reasoning process. This court does not know what evidence the ALJ relied upon; she merely cites, without adequate discussion, claimant's limitations as found in the record. (Tr. 15). The following illustrates this court's conclusion. First, the ALJ's evaluation of Dr. DeLeon's two reports leaves much to be desired. The ALJ refers to both reports of Dr. Leon, but fails to explain why she rejected the second opinion of Dr. DeLeon, dated March 19, 1998. (Tr. 175–76). "[T]he notice of determination or decision must explain the consideration given to the treating source's opinion(s)." SSR No. 96–5p, 1996 WL 374183 at *6. It is apparent that

the ALJ rejected Dr. DeLeon's second report, because at this time the doctor indicates that the plaintiff's restrictions had increased since the prior report, and he now sets forth various mental health factors, which did not appear in the earlier report. Clearly, the Commissioner is inviting the court to adopt his post-hoc reasoning when he argues that "the ALJ could have concluded . . ." *See* Def. Resp. at 10–11.

The ALJ also failed to explain the weight that she accorded to treating sources. When the decision is a denial, "the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR No. 96–2p, 1996 WL 374188 at *5. Is the ALJ substituting her opinion for that of the doctor? She states that Castrejon's "foot condition could be presumed to cause her to be restricted to the sitting level. In addition her asthma may also prevent heavy exertion." (Tr. 15). The ALJ goes on to state that "[h]owever, there is no basis in the record to find that she could perform less than sedentary work as long as a sit stand option is provided." (*Id.*) Such a conclusory statement ignores much of the record. For example, Dr. DeLeon's March 19, 1998, form indicated other exertional and nonexertional limitations, including mental limitations. (Tr. 175–76). Furthermore, that form explicitly indicated that her activities were moderately to totally restricted due to medications. (*Id.*)

Next, the ALJ's RFC finding regarding sitting/standing limitations is insufficient. "The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." SSR No. 96–8p, 1996 WL 374185 at *7. ALJ Stroup's RFC finding limited the plaintiff to sedentary work with a sit/stand option,

but did not specify frequency, which is a crucial component in assessing a claimant's ability to work. Furthermore, the hypothetical to the VE suffers the same defect. (Tr. 325).

The ALJ partially relies on the plaintiff's testimony at the hearing in determining her RFC assessment. (Tr. 15, 16). ALJ Stroup simply says that "[t]he claimant's testimony indicates that sedentary work would not be precluded." (Tr. 16). However, an examination of the record shows that the plaintiff's testimony is equivocal. Castrejon states that she could stand up for thirty minutes if she would have to. (Tr. 317). She further states that it is uncomfortable for her to sit for an hour. (*Id.*) The ALJ has extrapolated this testimony into "[t]he claimant herself has stated that she does not have too much trouble sitting . . ." (Tr. 15). Additionally, "[s]he herself has indicated that she thinks sitting is generally alright for her and that she can stand for a time." (*Id.*) The ALJ's analysis distorted the plaintiff's equivocal testimony.

ALJ Stroup also ignored the plaintiff's subjective complaints. For example, while the plaintiff stated that complications from her medical problems limited her ability to work, this was not addressed by the ALJ. (Tr. 318). The ALJ does not discuss Castrejon's testimony that she did not think she would be able to do the jobs mentioned by the ALJ because of muscle induced headaches on and off all day long. (Tr. 328–39).

Given these complaints, the ALJ was required to make a credibility determination analyzing the factors set forth in SSR 96–7p. The ALJ mentions the plaintiff's daily activities. (Tr. 13). The plaintiff testified that she goes to the grocery store with her children and attends court appearances for her children. (Tr. 319, 321). She takes pain pills that make her sleepy. (Tr. 13, 316). However, merely mentioning some of the factors, without a meaningful discussion is inadequate.

Finally, the ALJ failed to develop the record regarding the mental limitations contained in Dr. DeLeon's second form. (Tr. 176). It appears that the ALJ did not complete a Psychiatric Review Technique Form. Combined, all of the failures and the ALJ's opaque reasoning process merit remand.

**IT IS THEREFORE RECOMMENDED** that the district judge enter an order granting the plaintiff's request to reverse or remand the Commissioner under sentence four of § 405(g) be **granted.** On remand, the ALJ should carefully articulate her reasoning in an opinion after a new hearing. If the plaintiff proceeds *pro se* on remand, an adequate waiver should be executed, and in any event the ALJ should fully and fairly develop the record. Additionally, the ALJ should consider SSR No. 00–3p on remand.

Any objections to the recommendation shall be made in writing, in accordance with Local Rule 13.03, and shall be filed with the Clerk of Court within 10 days from receipt of this recommendation.

January 8, 2001.