Glenn R. HENDERSON, Plaintiff,

v.

Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant.

No. 00–C–1537.

United States District Court, E.D. Wisconsin.

Nov. 20, 2002.

1164

Lynn Zuehlsdorf–Mack, Mack Law Office, Milwaukee, WI, for Plaintiff or Petitioner.

Penelope Fleming, U.S. Dept. of Justice, Milwaukee, WI, for Defendant or Respondent.

### DECISION AND ORDER

ADELMAN, District Judge.

## I. PROCEDURAL BACKGROUND

Plaintiff Glenn R. Henderson ("plaintiff") brought this action pursuant 42 U.S.C. § 405(g) challenging the decision of defendant Jo Anne Barnhart, Commissioner of the Social Security Administration ("defendant" or "the Commissioner"), denying his application for benefits under the Social Security Act. On May 31, 2002, I reversed the Commissioner's decision and remanded the matter for further proceedings. *Henderson v. Barnhart,* 205 F.Supp.2d 999 (E.D.Wis.2002). Plaintiff now moves for an award of attorneys fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1]

## II. DISCUSSION

The EAJA mandates an award of attorney's fees to a "prevailing party" in a civil action against the United States where the government's position was not "substantially justified," no "special circumstances make an award unjust," and the fee appli-

---

1. Plaintiff also moves to file a reply brief in support of the motion instanter, stating that counsel and her husband had health problems around the due date for the brief. No objec- tion from defendant having been received, and good cause having been established, I will grant the motion and accept the brief.

cation is submitted to the court within 30 days of final judgment. 28 U.S.C. § 2412(d)(1); *United States v. Hallmark Const. Co.,* 200 F.3d 1076, 1078–79 (7th Cir.2000). Plaintiff was clearly the "prevailing party" in this litigation, the motion was timely filed, and the Commissioner points to no special circumstances making an award unjust. However, the Commissioner argues that her position was "substantially justified" and that plaintiff's requested fees are unreasonably high. I address each contention in turn.

## A. Was the Commissioner's Position Substantially Justified?

When a social security plaintiff prevails in court, the Commissioner bears the burden of showing that the government's position was "substantially justified." *Cummings v. Sullivan,* 950 F.2d 492, 495 (7th Cir.1991). Even though the court makes only one determination on this question, the judge must consider both the government's posture during the litigation before the court and the pre-litigation decision or action on which the lawsuit was based. *See id.* at 496–97; *see also Commissioner, INS v. Jean,* 496 U.S. 154, 159, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> Thus, fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the government's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis.

*Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir.1994).

The government's position is "substantially justified" when it has a reasonable basis both in law and fact. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The posi-

tion must be " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565, 108 S.Ct. 2541. The position need not be " 'justified to a high degree,' " *id.* at 565, 108 S.Ct. 2541, but it must be "more than merely undeserving of sanctions for frivolousness." *Id.* at 566, 108 S.Ct. 2541.

In the present case, I reversed the Commissioner's decision for three reasons. I analyze each under the EAJA standard.

### 1. Invalid Waiver of Counsel

The first basis for reversal was that the Administrative Law Judge (ALJ) did not obtain a valid waiver of plaintiff's right to counsel at the hearing, and that the Commissioner failed to meet her burden of showing that the record was fully and fairly developed in the absence of counsel. *See Binion v. Shalala,* 13 F.3d 243, 245 (7th Cir.1994); *Thompson v. Sullivan,* 933 F.2d 581, 584 (7th Cir.1991). I conclude that the Commissioner's position on this issue was not substantially justified.

The ALJ failed to fulfill his obligation of ensuring a valid waiver of counsel. It is well-established that social security claimants have "a statutory right to counsel at disability hearings." *Thompson,* 933 at 584. It is also well-established that in order to obtain a valid waiver of that right the ALJ must explain (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to twenty-five percent of past due benefits and required court approval of the fees. *Binion,* 13 F.3d at 245. Too often, ALJs fail to comply with these requirements. *See Castrejon v. Apfel,* 131 F.Supp.2d 1053, 1056 (E.D.Wis.2001). In the present case, the ALJ never mentioned the right to counsel,

and the waiver form he had plaintiff sign was clearly defective under *Binion.*

■ Nevertheless, an invalid waiver does not require that the decision be reversed; rather, the burden shifts to the Commissioner to show that the ALJ fully and fairly developed the record. *Binion,* 13 F.3d at 245. The ALJ's duty is met only if he or she probes the claimant for possible disabilities and uncovers all of the relevant evidence. *Id.*

■ The Commissioner did not meet her burden here. The ALJ held a perfunctory hearing and failed to question plaintiff concerning several critical aspects of his claim, most importantly, pain. He did not inquire about the location, duration, frequency, or intensity of plaintiff's pain, about the factors that precipitated it, or how plaintiff attempted to alleviate pain or other symptoms. The Seventh Circuit has made clear that this is unacceptable:

> If the allegation of pain is not supported by the objective medical evidence in the file and the claimant indicates that pain is a significant factor of his or her alleged inability to work, then the ALJ must obtain detailed descriptions of claimant's daily activities by directing specific inquiries about the pain and its effects to the claimant. She must investigate all avenues presented that relate to pain, including claimant's prior work record, information and observations by treating physicians, examining physicians, and third parties. Factors that must be considered include the nature and intensity of claimant's pain, precipitation and aggravating factors, dosage and effectiveness of any pain medications, other treatment for relief of pain, functional restrictions, and the claimant's daily activities.

*Luna v. Shalala,* 22 F.3d 687, 691 (7th Cir.1994) (citations omitted).

Not only did the ALJ fail in this regard, he also accused the plaintiff of exaggerating his symptoms for "secondary gain." (Tr. at 20.) But, having asked no questions about pain, it is difficult to understand the basis for the ALJ's accusation. Finally, the ALJ's questioning in the areas of plaintiff's fatigue, his mental and emotional problems, and the side-effects of medication, all significant aspects of the claim, was, in view of plaintiff's pro se status, deficient.

As Judge Castillo explained in granting fees under the EAJA in *Nash v. Shalala,* No. 93–C–5997, 1995 WL 548733, at *1 (N.D.Ill. Sept. 13, 1995), 1995 U.S. Dist. LEXIS 13350, at *2–3:

> [T]he Court's March 2, 1995, Opinion pointed out that the plaintiff's waiver of counsel was inadequate because the Administrative Law Judge had failed to properly develop the record. Given the cursory nature of the hearing and the lack of development of the factual record in this case, this Court cannot conclude that the Secretary has met her burden of showing that there was a reasonable factual basis to support the government's position. The bottom line is that the Secretary could not properly rely upon the facts contained in this poorly developed record. *See Butts v. Bowen,* 775 F.Supp. 1167, 1172 (N.D.Ill.1991).

*See also Sampson v. Chater,* 103 F.3d 918, 922 (9th Cir.1996) (finding that the government's position was not substantially justified where the ALJ failed to fully and fairly develop the record).

## 2. Failure to Comply With SSR 96–7p

■ The second basis for my Decision was that the ALJ failed to comply with Social Security Ruling (SSR) 96–7p. The Ruling sets forth the criteria ALJs must follow in assessing the credibility of a claimant's statements about his symptoms and their effects. The Ruling also bars

ALJs from dismissing a claimant's allegations based on mere conclusory statements.

The ALJ failed to comply with SSR 96–7p in both his conduct of the hearing and in his decision; he failed to question plaintiff in several key areas covered by the Ruling; and he did not address those areas in his decision. Instead, he dismissed plaintiff's testimony with the conclusory statement: "While claimant may have some degree of pain and limitation it is not as severe or limiting as he has alleged with clear elements of exaggeration and secondary gain present." (Tr. at 20, finding 4.)

 An ALJ commits reversible error if he or she fails to abide by the Rulings of the Social Security Administration, *see Prince v. Sullivan*, 933 F.2d 598, 602 (7th Cir.1991), and district courts in this circuit have consistently awarded fees under the EAJA under such circumstances. *See Rice v. Apfel*, 16 F.Supp.2d 971, 974 (N.D.Ill.1998) (collecting cases); *see also Cornella v. Schweiker*, 728 F.2d 978, 985 (8th Cir.1984) ("It was not reasonable for the Secretary to ignore her own regulations."). As Judge Conlon has explained: "Where an ALJ does not comply with the clear requirements of [an] SSR ... and the Commissioner opposes reversal and remand, the Commissioner's position is not substantially justified." *Williams v. Chater*, No. 96–C–1833, 1996 WL 650620, at *2 (N.D.Ill. Nov.7, 1996).

### 3. Failure to Consider Opinion of Treating Physician

 Finally, I concluded that the ALJ failed to consider a report from the plaintiff's treating physician, Dr. Crawley. Social Security Rulings and regulations require ALJs to give special consideration to such reports; the decision must explain the consideration given to the treating doctor's opinion; and they may never be simply ignored. *Dominguese v. Massanari*,

172 F.Supp.2d 1087, 1100 (E.D.Wis.2001); *Castrejon*, 131 F.Supp.2d at 1057. The ALJ's decision here cannot be considered reasonable absent consideration of Dr. Crawley's report. Consequently, the Commissioner's position is not substantially justified. *See Brunel v. Commissioner, Social Security Administration*, No. 00–1142, 248 F.3d 1126, 2000 WL 1815946, at *2 (1st Cir. Dec. 11, 2000)(finding that Commissioner's position was not substantially justified when ALJ disregarded regulations and rulings concerning treating source opinions); *Trainor v. Apfel*, No. 99–35305, 225 F.3d 664, 2000 WL 727747, at *1 (9th Cir. May 22, 2000) ("The ALJ failed to defer to Trainor's treating psychologist's opinion or set forth specific, legitimate reasons for rejecting it. The Commissioner's decision to defend this error was not substantially justified. Accordingly, EAJA fees are warranted."); *see also Flores v. Shalala*, 49 F.3d 562, 569–71 (9th Cir.1995) (holding that government's position was not substantially justified when ALJ failed to consider a relevant vocational report).

### 4. Commissioner's Arguments

 The Commissioner offers several arguments in support of her position. First, she argues that because the magistrate judge to whom this matter was assigned for pretrial proceedings recommended that the ALJ's decision be affirmed her position must be "substantially justified." I have rejected this argument before. *Dominguese v. Barnhart*, No. 99–C–596, 2002 U.S. Dist. LEXIS 14600, at *12–13 (E.D.Wis. July 12, 2002) (citing *United States v. Paisley*, 957 F.2d 1161, 1167 (4th Cir.1992)) ("[T]he decisions of intermediate judges are not determinative of whether the government's position was substantially

justified."). I must make my own determination under the EAJA.

Second, the Commissioner cites *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir.1992), where the court held that fees need not be awarded when the ALJ's error was in failing to properly articulate the bases for his decision. But the ALJ's errors here were not of articulation. Rather, he failed to develop a complete factual record with a pro se claimant and committed legal errors by failing to abide by SSRs.

Finally, the Commissioner notes that Dr. Crawley's report was not located in the usual place in the record and that plaintiff did not argue disregard of this report as a basis for remand. But it is the obligation of the ALJ to locate and consider medical evidence; the fact that the Office of Hearings and Appeals later placed the document with vocational rather than medical reports when compiling the administrative record for this action cannot excuse the ALJ's failure. Likewise, this court is not strictly limited by the arguments of the parties in reviewing a social security decision.

In sum, the Commissioner has not persuaded me that her position was substantially justified. Therefore, plaintiff will be awarded attorneys' fees.

## B. Are Plaintiff's Requested Fees Reasonable?

■ In determining whether plaintiff's requested fees are reasonable I must examine both the rate and the number of hours requested. The EAJA allows for an award of "reasonable attorney fees ... based upon prevailing market rates for the kind and the quality of the services furnished" not to exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff must demonstrate the prevailing market rate and, if

one is requested, show that a cost of living increase is warranted. *See Hanrahan v. Shalala*, 831 F.Supp. 1440, 1450 (E.D.Wis. 1993). Plaintiff also has the burden to show that the number hours expended on the litigation was reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The reasonableness of the total fee request is evaluated in light of twelve factors set forth in *Hensley:*

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3, 103 S.Ct. 1933.

■ The court may also consider whether awarding fees would further the purposes of the EAJA's fee-shifting provision. *See Hallmark Const. Co.*, 200 F.3d at 1080. The EAJA was enacted in part to attract private counsel to represent disability claimants. *See Sullivan v. Hudson*, 490 U.S. 877, 883, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). Congress was concerned "that persons may be deterred from seeking review of ... unreasonable governmental action because of the expense involved in securing the vindication of their rights." *Id.* (internal quote marks omitted). With these standards in mind, I consider plaintiff's requested fee.

Plaintiff requests that counsel's hourly rate be set at $141.46 per hour. He does

this by applying the Bureau of Labor Statistics Consumer Price Index (CPI–U), calculating the increase from 1996, when the $125 rate was set, to March 2001, when counsel was retained. Use of the CPI–U has been accepted in this district, *see Dominguese*, 2002 U.S. Dist. LEXIS 14600 at *16, plaintiff's calculations appear to be correct, and defendant has not objected to the proposed rate. Therefore, I will accept plaintiff's proposed rate of $141.46 per hour.[2]

Counsel indicates that she spent a total of 58.2 hours on this matter (51.3 hours detailed in the initial motion and 6.9 hours to prepare the reply brief in support of the motion for fees). Plaintiff also requests costs in the amount of $88.35.

■ The Commissioner argues that the amount of time spent was unreasonable. She states that lawyers usually spend twenty to forty hours on such cases. She asks that I compensate counsel for only thirty hours because this case presented ordinary issues with which experienced counsel should be well-versed. She further contends that counsel should not be compensated for time spent pursuing a motion to alter or amend the judgment and that counsel unreasonably spent 7.7 hours preparing her motion for fees.

Reviewing the request in light of the *Hensley* factors, I conclude that virtually all of the time requested by counsel is reasonable. I disagree with the Commissioner's contention that this was a simple case that should have been litigated in twenty to thirty hours. Counsel's initial brief was sixteen pages long and argued five separate bases for reversal. Her brief demonstrated a grasp of the issues and the record attainable only by a thorough review of the administrative file. It is important to note that counsel did not represent plaintiff at the administrative level, and thus had to familiarize herself with the case from scratch. And the record in this case was not slight. Counsel also drafted detailed objections to the magistrate's recommendation, which did not simply repeat her earlier briefs. Her filings were helpful to the court.

Moreover, I recently surveyed fee applications approved by other district judges in this circuit, and counsel's requested hours are entirely consistent. *See Dominguese*, 2002 U.S. Dist. LEXIS 14600 at *18 (noting that motions seeking payment for 66.95, 53.5, and 56.2 hours had been approved by other courts, and approving 56.3 hours in that case). Thus, the request is consistent with awards in similar cases.

Counsel is experienced in such matters and has demonstrated the ability to be an effective advocate for her client. Further, at the time counsel was retained, plaintiff had already filed this action pro se. Many attorneys would likely consider such cases "undesirable," and an award of fees is appropriate both to compensate counsel who stepped in after litigation had commenced and to encourage other lawyers to do so. Thus, an award of fees furthers the purposes of the fee-shifting provision of the EAJA.

■ I quarrel with just one aspect of the fee request. Counsel spent a total of

---

**2.** There is some deviation in plaintiff's papers concerning the rate. In the motion, affidavit of counsel, and billing statement, the rate is listed as $141.46. This is based on the year 2001 entry in the CPI–U. However, in the reply brief plaintiff requests fees for the preparation of that document at the rate of $143.13 per hour. By my calculations, the

2002 rate under the CPI–U would be $143.55/ hour. I am uncertain how the $143.13 figure was determined. For ease of calculation, because plaintiff has not explained how he computed the figure in the reply brief, and because he has not requested a higher rate for time spent in the year 2002, I will award fees based on one rate—$141.46 per hour.

four hours on a Rule 59(e) motion to alter or amend the judgment.[3] The motion was filed because counsel wanted clarification as to whether the remand was pursuant to sentence four or sentence six of § 405(g).

The exclusive methods by which a district court may remand a claim to the agency are set forth in sentences four and six of § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). A sentence six remand may be ordered in two situations: where the Commissioner "requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* at 297 n. 2, 113 S.Ct. 2625. The court does not enter judgment on the merits in such a situation. Not so with remands under sentence four, which occur after the court has made a decision on the merits. "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Id.* at 297, 113 S.Ct. 2625.

In my Decision in the present case, I reversed the Commissioner's decision, and the clerk entered judgment accordingly. Plaintiff did not introduce any new evidence in this court, and neither party requested a sentence six remand. Obviously, then, the remand was pursuant to sentence four. There was no reasonable basis for confusion on this issue, making the Rule 59(e) motion unnecessary. Therefore, fees will not be awarded for time spent on the motion.[4]

Subtracting this time, I will award fees based on 54.2 hours of work at the rate of $141.46 per hour, for a total of $7667.13. I will also award plaintiff his reasonable costs in the amount of $88.35.[5]

### III. CONCLUSION

**THEREFORE, IT IS ORDERED THAT** plaintiff's motion for an award of attorney's fees (Docket # 33) is **GRANTED**, and plaintiff is awarded fees in the amount of $7667.13 and costs in the amount of $88.35. **IT IS FURTHER ORDERED THAT** plaintiff's motion to file a reply brief in support of the motion for an award of attorney's fees instanter (Docket # 41) is **GRANTED**.

3. She spent 3.8 hours drafting the motion on 6/10/02 and .2 hours reviewing my decision on the motion on 6/27/02.

4. I reject the Commissioner's remaining arguments that specific blocks of time should be subtracted. First, I am perplexed by the Commissioner's argument that plaintiff's counsel spent an unreasonable amount of time obtaining extensions of time in this case. Counsel obtained an extension, unopposed by defendant, on the filing of her initial brief because she was retained just one week before the due date. The parties later filed a joint motion for extension of time for the filing of *defendant's* brief. Defendant then filed a motion for extension of time to re-

spond to plaintiff's fee petition. Both parties received reasonable extensions of time in this case, and the Commissioner never explains why the extension plaintiff received was unnecessary or resulted in an increase in reasonable attorney's fees. Second, I find that the amount of time plaintiff's counsel spent preparing the fee petition was reasonable. She submitted a detailed brief and supporting documentation. Therefore, I decline to further reduce the amount requested.

5. At the government's request, I will award photocopy expenses of $68.50 as "costs" under 28 U.S.C. §§ 1920 & 2412(a), and the balance of the requested "expenses" under § 2412(d).